**Frank J. TAYLOR, Plaintiff–Appellant,**

v.

**COMMISSIONER SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 08–35332.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2009.

Filed Aug. 5, 2009.

James S. Coon, Esquire, Swanson Thomas & Coon, Portland, OR, for Plaintiff–Appellant.

Daphne Banay, Joanne Elizabeth Dantonio, Esquire, SSA–Social Security Administration Office of the General Counsel, Seattle, WA, Neil Evans, Office of the U.S. Attorney, Portland, OR, for Defendant–Appellee.

Before: O'SCANNLAIN, FERNANDEZ and FISHER, Circuit Judges.

## MEMORANDUM *

Frank Taylor appeals from the Commissioner's denial of disability benefits, arguing that the administrative law judge ("ALJ") effectively rejected the opinion of his treating physician without giving any reasons for the rejection. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

Dr. Bennett Goss, Taylor's treating physician, opined that Taylor could not sustain work "requiring him to be on his feet for any significant length of time." To the extent this opinion was unclear, the ALJ had a duty to ask the doctor for clarification. *See DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir.1991). The ALJ's finding at step four that Taylor could stand and walk for two to four hours of an eight hour workday; his description of Dr. Goss's opinion as consistent with a physical capacity assessment finding that Taylor could stand for up to two hours and walk for up to four hours; and his acceptance of the vocational expert's testimony that Taylor could perform two jobs that require walking four hours are not, without further clarification, a "rational interpretation" of Dr. Goss's opinion. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir.2004). The ALJ's denial was therefore not based on substantial evidence. *See id.*

We reverse and remand for the ALJ to reevaluate Dr. Goss's opinion, including obtaining clarification from Dr. Goss as appropriate, and to reconsider his disabili-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ty determination in light thereof. *See Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir.2004).

**REVERSED AND REMANDED.**

O'SCANNLAIN, Circuit Judge, dissenting:

Because I believe that the ALJ's Residual Functional Capacity ("RFC") determination at step four reflects a rational interpretation of Dr. Bennett Goss's opinion, I must respectfully dissent from the court's decision.

The ALJ credited Dr. Goss's opinion that Taylor could not work if he was required "to be on his feet for any significant length of time." My colleagues conclude that it is irrational to credit this opinion, yet to arrive at the ALJ's RFC determination.

"Dr. Goss's opinion," the ALJ stated, "is consistent with results of a physical capacity assessment ..., which suggested an ability to perform sedentary work on a full-time basis with standing in a stationary position for up to two hours of an eight-hour workday and walking and moving about for up to four hours of an eight-hour workday." It would be quite unusual for an ALJ to contradict himself in the same sentence, so we ought not reverse unless we are compelled to do so. *See Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir.2004).

We are not so compelled. In my view, it was not contradictory for the ALJ to determine that Taylor can stand or walk between two to four hours in an eight hour work day while at the same time believing that he should not be on his feet for any significant length of time. The hours of standing or walking might be broken up throughout the day, perhaps into half-hour segments, for example.

This may not be the most natural accommodation of Dr. Goss's opinion, but it is a rational one. Thus, I do not think we are compelled to find the ALJ's RFC determination is irrational. I therefore respectfully dissent.